Lenhoff, J.
These proceedings are before this Appellate Division by reason of the defendant’s appeal from the Trial Court’s decision in a motor vehicle infraction case.
The defendant had been cited for “Civil Speeding” and the citation set forth that he had operated a motor vehicle at 49 m.p.h. as indicated by a radar reading in a 30 m.p.h., thickly settled zone at 9:55 A.M. on September 2,1987 on Lake Avenue in Worcester, Massachusetts, in the vicinity of Anna Street.
Thereafter, on November 13,1987, a magistrate of the Worcester Division of the District Court Department held a hearing and found the defendant responsible. The defendant appealed the finding to the Trial Court and a de novo hearing was held by a Justice on January 8, 1988 who found the defendant responsible, assessing him $50.00 for the infraction.
At the hearing before this tribunal, the defendant stated that a tape recording of the Trial Court hearing was present and available. Same was requested and delivered to this body (See Trial Court Rule VII Rule (d) (3).).
After reviewing all presented written papers, brief and hearing the complete *79 tape recording of the de novo hearing, we summarize what is considered material and pertinent to the issue presented for resolution.
The police officer who issued the citation to the defendant testified that the defendant operated a motor vehicle in a 30 m.p.h., thickly settled, posted zone at 49 m.p.h. according to his radar reading. Also, that he visually observed the defendant .operating his vehicle and estimated his speed in such 30 m.p.h., thickly settled posted zone, between 45 and 50 m.p.h. Further, he related that there were several signs in the locale indicating the posted speed and that the roadway was a “thickly settled” district.
Upon the completion of testimony by the police officer, the Trial Court informed the defendant that he could question the officer. The defendant inquired if this was his only opportunity to do so, and the Trial Court responded affirmatively. The defendant proceeded to ask the officer a series of questions, most of them regarding the area designated by the officer as “thickly settled”, the claimed posted signs and their placement.
The defendant, before giving his testimony interspersed with argument or contentions, informed the Trial Court that he had a videotape of the location or area of the involved roadway and photographs for the Court. He then orally presented his version of what occurred, stating that the area was not a “thickly settled” district and was not posted, except for one sign that was present and was upside down in disrepair. The defendant interrupted his presentation, stating that he remembered a question he would like to ask the officer that was important to him. There was no comment or response thereto by the Trial Court. The defendant continued by pointing out administrative regulations relating to signs and their placement.
At the conclusion of the defendant’s testimony, the Trial Court found the defendant responsible, announcing that the decision was made on the basis of what was heard and by the Court’s adoption of the police officer’s testimony. After imposing an assessment of $50.00 on the defendant, the Trial Court informed him of his right to appeal to the Appellate Division.
Pursuant to G.L. c.90C, § 3(A) 7th paragraph, the defendant caused his appeal to be entered in this Appellate Division, seeking review and specifying the issues of law as the basis of his appeal as follows:-
(1) The Judge abused his discretionary power by failing to view pertinent evidence presented to him in the form of a videotape and photographs; (2) the Judge did not properly apply Chapter 90, § 17 of the General Laws; and, (3) the Judge failed to recognize fault on the part of the city (Worcester) with respect to City Ordinance, Chapter 2, Article 23A, §5 as established under authority of G.L. c.43, §5.
Being empowered to render decision according to the justice of (he case (G.L. c.231, § 110), we direct our attention to the Uniform Rules on Civil Motor Vehicle Infractions (Trial Court Rule VII, approved on June 18, 1986 and promulgated by the Supreme Judicial Court and made effective July 1,1986) As per section (b) thereof captioned Hearings, the following language appears:-
-The rules of evidence shall not apply at such hearings. The evidence shall be given such weight as the judge-deems appropriate. Questioning and cross examination of witnesses shall proceed to the extent and in the manner determined appropriate by the judge-, provided, however, that a party shall not be denied the opportunity to present relevant evidence or cross-examine witnesses. (Underscoring supplied for emphasis)
In the instant case, the main issue for resolution by the Trial Court was to *80 determine factually whether the area or locale here concerned was a “thickly settled” district and properly posted; and, whether the Commonwealth sustained its burden of proof by a fair preponderance of the evidence that the defendant committed a motor vehicle infraction.
Though the tape recording revealed that the Trial Court took no affirmative steps or action relative to the videotape and photographs proffered by the defendant, the posture of the Trial Court amounted to inaction that resulted in such presented evidence not being considered.
In proceedings of this type involving uninitiated and untrained citizens in courtroom procedure, a minimum of judicial direction is, indeed, appropriate to assist the inexperienced, toward the end that a full and fair hearing is held.
We recognize that the development of light-weight, economical videotaping equipment has resulted in an increase in its use as evidence. Generally such videotapes are admissible if properly authenticated and, if found as a preliminary fact, to be relevant to the issue or issues being tried.
To give harmonious effect to the above cited portion of Trial Court Rule VII that a party should not be denied opportunity to present evidence, a Trial Court would-be well advised to extend some direction and assistance to one seeking due process.
Here, the videotape and photographs may or may not have been admissible. However, same should have been dealt with by proper preliminary inquiry. Also, the defendant should have been permitted to further question the police officer. If such evidence had been seen and heard, it may have changed, modified or altered the weight, believability or credibility accorded to the testimony of the police officer. Thus, the outcome of the hearing might have been otherwise.
Also, the Trial Court, in advising the defendant that he had only one opportunity to question the police officer, unwittingly overlooked Dist./Mun. Cts. R. Civ. P., Rule 43 (b) which reads as follows: “-A party may call an adverse party-and interrogate by leading questions and contradict and impeach him in all respects-”
The foregoing is mentioned to address the defendant’s comment during his testimony that he remembered a question he considered important that he wanted to ask the officer, with the Court not responding to said comment.
As the above discussion is dispositive of this appeal, there is no need to discuss any other issue raised by the defendant.
Therefore,- it is determined that the Trial Court’s failure to consider the proffered evidence was detrimental to the defendant and thus, prejudicial error. Whereupon, the findings and dispositoin of the Trial Court, be and is hereby vacated; and, a new hearing is to be held consistent herewith.

So Ordered.